**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CASE NO. 1:21-bk-01043-HWV |
| KURT KRIEGER, | CHAPTER 13 |
| Debtor, | |
| ROBERT G. BELLER, *et al.*, | ADVERSARY NO. 1:22-ap-00019-HWV |
| Plaintiffs, | Nature of Proceeding: 62 Dischargeability – 523(a)(2), false pretenses, false representation, actual fraud; 67 Dischargeability – 523(a)(4), fraud as fiduciary, embezzlement, larceny |
| v. | |
| KURT KRIEGER | |
| Defendant. | |

**PLAINTIFFS' PRE-TRIAL STATEMENT**

**A. Basis of Bankruptcy Court Jurisdiction**

This Court has jurisdiction over this adversary action to determine discharge of a claim against Debtor pursuant to 28 U.S.C. §1334(b), which gives the District Court original and exclusive jurisdiction over cases under Title 11, over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11, and jurisdiction is then transferred to the Bankruptcy Court by operation of 28 U.S.C. §157(a).

This Complaint is brought pursuant to 11 U.S.C. §§523(a)(2) and (a)(4) and F.R.B.P. 701 *et seq*. As a request for denial of Debtor's discharge, this action falls within the provisions of 28 U.S.C. 151(b)(2)(I) and (b)(2)(J) and is a core proceeding.

**B. Statement of Uncontested Facts**

1. Plaintiff, Robert G. Beller ("R. Beller") is an adult individual, living and residing at 2401 N. Lumina Avenue, Wrightsville Beach, N.C. 28480.

2. Plaintiff, Ellen Beller ("E. Beller") is an adult individual, living and residing at 543 Clayton Street, Denver, CO 80206.

3. The Seth Beller Trust is a Trust that has an address of 2401 N. Lumina Avenue, Wrightsville Beach, N.C. 28480.

4. The Debtor, Kurt Krieger ("Kurt" or the "Debtor"), is an adult individual currently residing at 1080 Wyndsong Drive, York, PA 17403.

5-10. [Intentionally omitted.]

11. In 1986-87, Krisman Krieger (Kris) and Kurt, together with their brothers Eric and Kerry Krieger, were involved with two gym operations, one in State College, PA, the other in Lancaster, PA.

12. a. In 1997, Kris relocated to Florida.

13. Amy Krieger ("Amy") was not involved in the operation, nor was she an officer, owner or employee of KK Fit Allentown, or any of the other KK Fit entities.

14. In 2011, Kris and Amy moved back to Pennsylvania.

15. a. KK Fit Allentown leased space at 2919 Lehigh Street, Allentown, PA 18103 (the "Demised Premises") from R. Beller and E. Beller (collectively, the "Bellers" or the "Landlord"), pursuant to a written lease dated November 23, 2011 (the "Lease").

16. a. In connection with the Lease, and as a prerequisite to granting the lease transaction, Landlord agreed to loan up to $420,000 to KK Fit Allentown for tenant improvements to the Demised Premises (the "Loan"), pursuant to a Loan Agreement dated November 23, 2011 (the "Loan Agreement"), as evidenced by a promissory note of even date and like amount (the "Note"), which Loan and Note were required to be personally guaranteed by Kurt, Kris and Amy (the "Lease Guaranty", and the "Note Guaranty", respectively). Landlord assigned the Loan and Note to the Seth Beller Trust, an Irrevocable Florida Trust (the "Trust").

The authenticity of these documents and the signatures of KK Fit, Kurt, Kris, and Amy appearing upon the same are admitted except for Kris and Amy's signatures on the Note Guaranty.

b. On or about November 14, 2011, Kurt signed his name to the Lease Guaranty and the Note Guaranty.

c. At or about that same time, signatures purporting to be those of Kris and Amy were affixed to the Note Guaranty. The Note Guaranty was notarized as provided by the Bellers' documentation which required the Note Guaranty before the Lease and Loan transactions would be approved. The Notary was Bette Hagens, the office manager and employee of the KK Fit companies.

d-e. [Intentionally omitted.]

f. In 2017 Kurt purchased the interest of Kris in the KK Fit businesses. One of the provisions in the agreement for the same call for Kurt to indemnify Kris for various company obligations.

17. On February 3, 2020, the Landlord filed a Complaint in Confession of Judgment in the Court of Common Pleas of Lehigh County, for possession of the Demised Premises, at Case No. 2020-N-0177 (the "Confessed Judgment") and thereby obtained said judgment.

18. KK Fit Allentown filed a Petition to Open the Confessed Judgment on March 3, 2020, which Petition was denied by Order and Opinion dated July 15, 2020. The Landlord then executed on the Confessed Judgment, obtained a Writ of Possession for the Demised Premises, which Writ was served upon KK Fit Allentown on July 17, 2020.

19. On July 30, 2020, the Landlord and Trust filed a Complaint in the Court of Common Pleas of Lehigh County Pennsylvania (the "Damages Complaint") seeking money damages against KK Fit Allentown, as borrower and tenant, and against Kurt, Kris and Amy, as personal

guarantors, at Case No. 2020-C-1690 (the “Damages Action”). The Damages Complaint was timely served upon all Defendants.

20. The Damages Complaint alleged defaults under the Lease and Note, that the Note had been assigned to the Trust on January 1, 2012, that a Lease Amendment had been executed by the Bellers, KK Fit Allentown, and Kurt on March 1, 2019 (the “Lease Amendment”) and that the Lease had been terminated on January 24, 2020, effective January 31, 2020. The Lease Amendment bound Kurt to an additional personal guaranty of the Lease (the “Second Lease Guaranty”).

21. The Damages Complaint also averred that the Note Guaranty and Second Lease Guaranty were in default.

22. [Intentionally omitted.]

23. KK Fit Allentown retained counsel to respond to the Damages Complaint, namely Jordan D. Cunningham, Esquire, of Cunningham, Chernicoff, and Warshawsky, P.C., who prepared and filed an Answer, New Matter, Affirmative Defenses and Counterclaim on behalf of KK Fit Allentown, Kurt, Kris and Amy to the Damages Complaint on September 16, 2020.

24. On March 22, 2021, KK Fit Allentown filed a voluntary Chapter 7 petition in this District at Case No. 21-00582-HWV. The Landlord and Trust then moved for and were granted relief from the automatic stay as to Kris and Amy in the Damages Action. The Damages Action remained pending.

25. With respect to the Note, the Damages Complaint alleged that the Bellers’ Loan was personally guaranteed by Kurt, Kris, and Amy pursuant to the Note Guaranty dated November 23, 2011, a copy of which was included as an Exhibit to the Damages Complaint. This original answer of Jordan D. Cunningham of Cunningham, Chernicoff and Warshawsky, P.C. admitted the signatures of not only Kurt, but also Kris and Amy on the Note Guaranty.

26. After a motion for partial summary judgment was filed by Plaintiffs in the Damages Action, via new counsel John Wutz, Esquire, Kris and Amy were granted leave to file an amended answer and re-open discovery based on their allegations that their signatures were forged on the Note Guaranty.

27. Kris and Amy have filed an Adversary Complaint in this bankruptcy court also alleging their signatures were forged on the Note Guaranty and *inter alia* objecting to Kurt's discharge as a result thereof.

28-29. [Intentionally omitted.]

30. a. Kris and Amy prevailed on the issue of their forged signatures on the Note Guaranty in the Damages Action against them as per the Opinion and Order of the Honorable Melissa T. Pavlack, dated December 12, 2023, in the Lehigh County Court of Common Pleas at Case No. 2020-C-1690.

31. Plaintiffs' two proofs of claim were filed on July 12, 2021 and are undisputed.

**C. Statement of Disputed Facts**

1-11. [Intentionally omitted.]

12. b. When Kris relocated to live in Florida in 1997, he left Kurt primarily in charge of the KK Fit gym related entities, mostly located in Pennsylvania.

13-14. [Intentionally omitted.]

15. b. Kris took an active role in the negotiation as to the lease and related documents.

16. a-c. [Intentionally omitted.]

d. Unbeknownst to the Bellers' at the time, Amy and Kris did not sign the Note Guaranty and had not authorized the signing of their names and certification of the same by the Notary on the Note Guaranty.

e. Kurt caused the Lease, Loan Agreement, Note, Lease Guaranty and Note Guaranty (with the signatures of KK Fit Allentown, Kurt, Kris, Amy, and the Notary thereon) to be delivered to the Bellers and/or their real estate agent/broker representative as required in connection with the subject transactions.

17-21. [Intentionally omitted.]

22. As of April 27, 2022, the damages under the Lease and Second Lease Guaranty were $357,360.40, and under the Loan, Note and Note Guaranty $189,047.48, without consideration of counsel fees which continue to accrue, as does interest and penalties.

23-28. [Intentionally omitted.]

29. The Landlord had required a notarized Note Guaranty signed by Kurt, Kris, and Amy as, among other things, a credit support to induce the Landlord to enter into the Lease and Loan with KK Fit Allentown.

30. b. The Lehigh County Court of Common Pleas authored a decision opining that Kurt was not a credible witness and, in particular, that he was not credible when he denied forging the signatures of Kris and Amy. The Court did not make a formal finding concerning who actually affixed the forged signatures.

c. As a result of the decision in the Lehigh County Court of Common Pleas Case No. 2020-c-1690, Plaintiffs lost, among other things, the recourse intended against Kris and Amy at the time of execution of the foregoing documents to secure payment, one of the requirements for entering into the Loan Agreement and the Lease with KK Fit in the first place.

31. Plaintiffs have suffered damages as more fully set forth in their Proofs of Claim filed in this matter as the direct and proximate cause of all of the foregoing for which Kurt was responsible as well as his breach of fiduciary duties owed to Kris as a shareholder of KK Fit Allentown.

32-33. [Intentionally omitted.]

34. Kurt either knew, or should have known, that the Landlord required the notarized, signed personal guarantees of himself, Kris and Amy before executing all of the Lease and Loan documents.

35. Kurt intended to, and did in fact, deceive the Landlord into believing that Kris and Amy had so guaranteed KK Fit Allentown's obligation under the Landlord's Note as set forth above.

36. Kurt committed a fraud on the Plaintiffs by so presenting it with the aforesaid forged and notarized Note Guaranty along with all of the other executed documents.

37. Kurt's fraudulent intent can be and should be inferred from his so uttering, publishing and/or causing presentation of the aforesaid forged Note Guaranty and other documents to the Landlord.

38. The foregoing actions of Kurt constituted a fraud committed in connection with and in furtherance of securing the Lease and obtaining the Landlord's Loan for tenant improvements and the debts of Kurt incurred thereby should therefore be excepted from discharge pursuant to 11 U.S.C. §523(a)(2).

39-40. [Intentionally omitted.]

41. The foregoing actions of Kurt with respect to the Lease, Loan Agreement, Note and Note Guaranty constituted a fraud committed while he was acting as the sole managing officer of KK Fit Allentown to the oppression of Kris and/or Amy as a fiduciary. Plaintiffs' claims against Kurt arising out of the foregoing should therefore be excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

42. Kurt's failure to disclose his foregoing actions constituted a breach of Debtor's fiduciary obligations to KK Fit as an officer and shareholder and should therefore be excepted

from discharge pursuant to 11 U.S.C. §523(a)(4) with respect to Plaintiffs' claims which would not have been incurred but for the inducement of Kris and Amy's signatures on the Note Guaranty.

43. Defendant denies that any damages, interest and counsel fees are owed.

**D. Statement of Damages/Relief Sought**

Plaintiffs seek an adjudication of the nondischargeability of the obligations claimed due in the Proofs of Claim filed July 12, 2021, at Claim No. 21-1 together with judgment, calculated as follows:

**<u>A. Lease</u>**

| | |
|---|---|
| $333,597.40 | Proof of Claim (through 5/6/21) |
| $ 82,102.50 | Additional amount through 9/18/24, *i.e.* 1230 days at $66.75/day as stated in Proof of Claim |
| *$415,699.90* | *Lease Subtotal* |

**<u>B. Note</u>**

| | |
|---|---|
| $213,959.07 | Proof of Claim (through 5/6/21) |
| $ 83,381.70 | Additional amount through 9/18/24, *i.e.*, 1230 days at $66.79/day as stated in Proof of Claim |
| *$297,340.77* | *Note Subtotal* |

**$713,040.67 Total Debt + Attorney's Fees as Provided in Documents, Additional Interest and Penalties as Provided in Proofs of Claim and Documents, and Proof of Counsel Fees As Appropriate, etc.**

**E. Legal Issues and Burden of Proof**

Pursuant to 11 U.S.C. §523(a)(2)(A), to prevail on an adversary complaint to except debt from bankruptcy discharge as one for money or credit obtained by false representation, a creditor must show, by a preponderance of the evidence, that:

(1) the creditor received a false representation of material fact;
(2) this representation was made with intent and purpose of deceiving the creditor;
(3) the creditor justifiably relied on the representation; and
(4) the creditor suffered damages as a proximate result of the same.

*Bartenwerfer v. Buckley*, 589 U.S. 69, 143 S.Ct. 665 (2023)(debtor may be subject to liability for fraud of another and barred from discharge in bankruptcy without any action, omission, intent, or knowledge of their own); *Cf., In re Barry* 559 B.R. 654, 659 (B.Ct.M.D.Pa. 2016).

To the extent pertinent, deceptive intent pursuant to §523(a)(2)(A) may be shown by and inferred from circumstantial evidence. *In re Bucchino*, 794 F.3d, 376 (3rd Cir. 2015). Once creditor establishes a prima facie case under §523(a)(2)(A), the burden shifts to debtor to present defenses. *In re Wolfe*, 640 B.R. 87, 100 (B.Ct.W.D.Pa. 2022) citing *In re Williams*, 579 B.R. 314, 323 (Bankr. S.D. N.Y. 2016). *See, In re Brumbraugh*, 383 B.R. 907, 915 (Bankr. N.D. Ohio 2007)(once a prima facie case of fraud is established, debtor must come forward with evidence which persuades the court of credible doubt as to the existence of fraudulent intent).

Similarly, pursuant to 11 U.S.C. §523(a)(4), an individual debtor is not discharged from any debt involving "fraud… while acting in a fiduciary capacity…." which a creditor must show by a preponderance of the evidence, *In re Marquis* 358 B.R. 188, 194 (Bankr. E.D. Pa. 2006).

**F. Witnesses and General Summary of Testimony**

1. Kurt Krieger
1080 Wyndsong Drive
York, PA 17403

Kurt and his brother Kris, along with two other brothers, were the founders of the KK Fit entities, gymnasiums. Early on, the two other brothers separated part of the venture from Kurt and Kris. Kurt and Kris hired Elizabeth (Bette) Hagens to be the office manager of their enterprise in approximately 1997. She had been a bank branch manager and was a notary. In that latter capacity during her KK Fit employment, she notarized documents for Kurt and Kris and their enterprises. Kurt would occasionally ask Bette to notarize documents containing the signatures of persons not present. He took the lead in

negotiating the subject lease, loan and guaranty agreements between KK Fit Allentown and Plaintiffs, as well as forwarding these required documents to the Bellers.

2. Robert Beller on his own behalf and for The Seth Beller Trust
2401 N. Lumina Avenue
Wrightsville Beach, NC 28480

Silbert Realty and Management Company was Plaintiffs' leasing agent for 2919 Lehigh Street, Allentown, PA, owned by Robert Beller and his sister Ellen Beller. The transactions involving the subject proposed lease, construction loan, promissory note and its guaranty for the premises at 2919 Lehigh Street, Allentown, PA, from Robert Beller and Ellen Beller to KK Fit Allentown, Inc. were interrelated. Without the notarized Kurt, Kris, and Amy guaranty of the promissory note for the construction loan, Landlord would not have gone through with any part of the proposed transaction, including demised possession of 2919 Lehigh Street to KK Fit Allentown. Without the acknowledgement of the signatures of guarantors on the subject guaranty agreement for Landlord's construction loan to KK Fit Allentown, no part of the foregoing interrelated transactions would have been approved by himself and his co-plaintiff sister, Ellen Beller. He will testify as to the defaults under the Lease, Loan documents, and Guarantys, as well as calculation of damages.

3. Elizabeth (Bette) Hagens (via deposition)
63 Matanzas Lakes Drive
Palm Coast, FL 32137

Bette Hagens was the office manager for the KK Fit constellation of companies and typically worked under the direct supervision of Kurt Krieger. From time to time, she

notarized documents bearing the signatures of Kurt Krieger and Kris Krieger and Amy Krieger. She worked for KK Fit from March of 1997 to March of 2020. Prior to commencing employment with KK Fit, she had been a branch bank employee, manager, and notary. Her notary commission expired in approximately 2013.

During her KK Fit employment, she notarized the signatures of Kurt, Kris, and sometimes Amy. Kurt would occasionally ask Bette to notarize documents containing the signatures of persons not present. If Kris was not present before her at the time of notarization, she would notarize the signature of Kris Krieger on the strength of her familiarity with and recognition of the same. On those occasions, these documents were always supplied to her by Kurt. She did not keep records of her KK Fit notarizations.

Bette does not recall if Kris and Amy Krieger signed the subject guarantee agreement in her presence.

4. Krisman (Kris) Krieger
1410 St. Peters Road
Pottstown, PA 19465

Kris and Kurt Krieger began the KK Fit business in approximately 1986. Between 2010 and 2011, the KK Fit division of labor was that Kris primarily handled maintenance, equipment leases, and operations, while Kurt worked in the corporate offices, managing payroll, finances, and contractual aspects of the business. Kris allowed his brother Kurt to handle the KK Fit negotiations for 2919 Lehigh Street, Allentown, PA. He made Kurt aware that he was unwilling to have Amy co-sign a personal guarantee related to the business. Kris himself did not agree to sign a personal guarantee. He did not sign the

subject guarantee or authorize anyone to do so on his behalf. He was oppositional to Amy signing any guarantees of KK Fit obligations in 2011.

5. Amy Krieger
1410 St. Peters Road
Pottstown, PA 19465

Amy Krieger did not sign the guarantee agreement and does not recognize the signature on the same. She did not authorize anyone to sign her name to that document. She never saw it prior to the Lehigh County litigation. She never had any conversations with anyone regarding her agreeing to personally guarantee a $420,000 construction loan for the leased premises. When she lived approximately 90 minutes from York, she never went to the corporate offices in York, Pennsylvania to have documents notarized. On the few occasions she signed corporate documents early in the KK Fit business, she would have them notarized in a location close to her home. She and Chris were not in York, Pennsylvania on November 14, 2011, when the guarantee agreement was notarized. As of November 13, 2014, she was in Florida, and Kris was in Allentown.

6. J. Wright Leonard, CDE (either live or via stipulated transcript of her testimony in the Lehigh County Court of Common Pleas at No. 2020-C-1690)
1500 Walnut Street, Suite M-12
Philadelphia, PA 19102

Based on review of 19 genuine signature specimens known to be from Kris Krieger and 26 genuine signature specimens known to be from Amy Krieger, J. Wright Leonard has opined within a reasonable degree of professional certainty that the executed signatures of Kris and Amy on the guarantee agreement were not from the same hands as signed their foregoing genuine specimen signatures. (This witness also testifies to her expert

qualifications as a certified document examiner [handwriting expert], *curriculum vitae*, etc.)

**G. Exhibits**

**P-1:** Lease Agreement and Guarantee – Gold's Gym, 2919 Lehigh Street, Allentown, PA

**P-2:** Loan Agreement and Guarantee

**P-3:** Promissory Note of KK Fit

**P-4:** Guaranty Agreement

**P-5:** Silbert/Kurt/Kris Emails of 8/11

**P-6:** Letter of Intent

**P-7:** Amortization Payment Email

**P-8:** Lease Amendment

**P-9:** Alan Rosen Demand Letter CC: Kris and Amy, 9/30/19

**P-10:** Robert Beller Affidavit for Partial Summary Judgment

**P-11:** Loan Calculation Balance $233,677.93

**P-12:** Complaint at Lehigh County No. 2020-C-1690, July 20, 2020

**P-13:** Sheriff of Lehigh/Chester County Return of Service on KK Fit

**P-14:** First Answer to Lehigh County Complaint, Kurt, Kris, & Amy

**P-15:** Kris & Amy Motion to Amend Complaint to Claim a Defense of Forgery, Lehigh County (20-C-1690) June 16, 2021

**P-16:** Plaintiffs' Answer to Kris & Amy Motion to Amend Complaint, Lehigh County (20-C-1690), July 2, 2021

**P-17:** Order Granting Leave to File Amended Answer, Lehigh County (20-C-1690), November 18, 2021

**P-18:** Kris & Amy Amended Answer to Plaintiffs' Original Complaint, Lehigh County (20-C-1690), November 29, 2021

**P-19:** Plaintiffs' Reply to Kris & Amy Amended New Matter, Lehigh County (20-C-1690), December 17, 2021

**P-20:** Plaintiffs' Motion to Amend Complaint, Lehigh County (20-C-1690), June 9, 2022

**P-21:** Kris & Amy Answer to Plaintiffs' Motion to Amend Complaint, Lehigh County (20-C-1690), June 23, 2022

**P-22:** Order Allowing Amendment of Complaint, Lehigh County (20-C-1690), July 7, 2022

**P-23:** Amended Complaint of Plaintiffs, Lehigh County (20-C-1690), July 8, 2022

**P-24:** Kris & Amy Answer and New Matter to Plaintiffs' Amended Complaint, Lehigh County (20-C-1690), July 28, 2022

**P-25 (P-15 in State Court Action):** Email from Wutz to Rosen, 9/2/2020

**P-26 (P-16 in State Court Action):** [Intentionally Omitted]

**P-27 (P-17 in State Court Action):** Email from Rosen to Cunningham, 11/17/2020

**P-28 (P-18 in State Court Action):** Miscellaneous 2012 – 2014 emails of Kris

**P-29 (P-19 in State Court Action):** [Intentionally Omitted]

**P-30 (P-20 in State Court Action):** Kurt Krieger Deposition

**P-31 (P-21 in State Court Action):** Kris Krieger Deposition

**P-32 (P-22 in State Court Action):** Amy Krieger Deposition

**P-33 (P-23 in State Court Action):** Elizabeth Hagens Deposition with Exhibits

**P-34 (P-24 in State Court Action):** Order and Opinion Denying Petition to Open Judgment for Possession

**P-35 (P-25 in State Court Action):** [Intentionally Omitted]

**P-36 (P-26 in State Court Action):** [Intentionally Omitted]

**P-37 (P-27 in State Court Action):** Email: Kris Transmits Signed Letter of Intent to KMooney@Barley.com

**P-38 (P-28 in State Court Action):** Email: Silbert (Broker) Transmits Agreement, Guaranty, and Promissory Note to Kris and Kurt

**P-39 (P-29 in State Court Action):** Silbert/Kris November 2011 Emails, Signing of Documents

**P-40 (P-30 in State Court Action):** [Intentionally Omitted]

**P-41 (P-31 in State Court Action):** Chernicoff Letter of 3/13/20 Relative to Rosen Demand Letter Claiming KK Fit – contends there are no defaults

**P-42 (P-32 in State Court Action):** Emails 8/20 between Kris and others, including Chernicoff 8/5/20 letter to Kris to get own attorney

**P-43 (P-33 in State Court Action):** Wutz Email 9/14/20 to Cunningham, Kurt, and KK Fit

**P-44 (P-34 in State Court Action):** Cunningham Email to Wutz

**P-45 (P-35 in State Court Action):** 5/3/21 Letter of Chernicoff to Kris

**P-46 (P-36 in State Court Action):** 5/7/21 Letter of Cunningham to Wutz

**P-47:** Docket Entries in Lehigh County Court of Common Pleas

**P-48:** Decision and Order of December 12, 2023 at No. 2020-C-11690

**P-49:** Curriculum Vitae of J. Wright Leonard

**P-50:** Expert Report of J. Wright Leonard and Exhibits

**P-51:** Lehigh County Court of Common Pleas Complaint 20-C-1690, Robert G. Beller et al. v. Kurt J. Kreiger et al.

**P-52:** Original Answer of Defendants in Lehigh County Court of Common Pleas No. 20-C-1690

**P-53:** Lehigh County Court of Common Pleas No. 20-C-1690 Kris and Amy Motion to Amend Answer

**P-54:** Lehigh County Court of Common Pleas No. 20-C-1690 Kris and Amy Amended Answer

**P-55:** Kurt Deposition in Lehigh County Court of Common Pleas No. 20-C-1690

**P-56:** Complaint of Kris and Amy Objecting to Discharge of Kurt at Adversary Proceeding No. 21-00042

**P-57:** Amended Complaint Objecting to Discharge of Kris and Amy Against Kurt at Adversary Proceeding No. 21-00042

**P-58:** Answer of Kurt Krieger to Amended Complaint Objecting to Discharge of Kris and Amy at Adversary Proceeding No. 21-00042

**P-59:** Proofs of Claim Filed by Plaintiff Herein

**P-60 (Lehigh County D-8):** Daybook Planner Entries for November 11, 2011 – November 15, 2011

**P-61 (Lehigh County D-9):** Cancelled Checks of Amy Krieger dated November 11, 2011 – December 12, 2011

**P-62 (Lehigh County D-10):** Email from Kurt Krieger dated September 8, 2008

**P-63 (Lehigh County D-11):** Letter from Silbert Realty & Management Company, Inc. dated September 2, 2008

**P-64 (Lehigh County D-12):** Email from Kris Krieger dated August 2, 2011

**P-65 (Lehigh County D-13):** Email from Brian Silbert dated August 24, 2011

**P-66 (Lehigh County D-14):** Letter from Silbert Realty & Management Company, Inc. dated August 24, 2011

**P-67 (Lehigh County D-15):** Email from Bette Hagens dated January 30, 2012 with attachments

**P-68 (Lehigh County D-16):** Email from Kris Krieger dated June 26, 2012

**P-69 (Lehigh County D-17):** Email between Kurt Krieger and Kris Krieger dated April 11, 2016

**P-70:** Proof of attorney's fees as may be necessary

**P-71:** Other documents as may be necessary, including documents by way of rebuttal or by way of response to Defendant's documents

**P-72:** Proof of prime rate amounts for all relevant periods

**D-1:** Agreement between Kurt Krieger and Kris Krieger as to indemnification

**D-2:** The email between Kris Kriger and Plaintiff's representatives regarding the Allentown lease

**D-3:** Email of Kris re: work to be performed on rental property

**H. Depositions**

1. Elizabeth (Bette) Hagens (via deposition)

2. J. Wright Leonard, CDE (either live or via stipulated transcript of her testimony in the Lehigh County Court of Common Pleas at No. 2020-C-1690)

**I. Trial Time**

Two to three days.

Respectfully submitted,


DREW SALAMAN, ESQUIRE
SALAMAN LAW
(A Professional Corporation)
100 S. Broad Street, Suite 2126
Philadelphia, PA 19110
(215) 568-7575
drew@salamanlaw.com
*Attorney for Robert G. Beller, Ellen Beller, and The Seth Beller Trust*